```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Vaseem S. Hadi

       Plaintiff,

   v.                                      Case No. 2:07-cv-060
                                                               JUDGE GRAHAM

State Farm Mutual Automobile
Insurance Co.

       Defendant.


OPINION AND ORDER

This matter is before the court on the motion of defendant State Farm Mutual Automobile Insurance Company to bifurcate plaintiff Vaseem Hadi's bad faith claim from his tort and contract claims.  For the reasons set forth below, the motion to bifurcate is denied.

**I. Background**

Vaseem Hadi is an attorney who was previously employed by Freund, Freeze & Arnold Co., LPA ("Freund LPA").  He was injured in an automobile accident that occurred on July 12, 2005, when his car was struck in the rear by an automobile operated by Judy Brooks.  Both Hadi and Brooks were insured by State Farm.  Hadi claims that Freund LPA previously represented State Farm, and desired to regain State Farm as a client, and that State Farm used its relationship with Hadi's employer to coerce him into settling his claims arising out of the automobile accident for an unfair and unreasonably low amount.  Hadi also claims that State Farm interfered with his employment and that its actions resulted in the termination of his

employment with Freund LPA. Hadi asserts various claims against State Farm including: tortious interference with an employment relationship, breach of duty of good faith and fair dealing, breach of contract, intentional misrepresentation/fraud, negligent misrepresentation, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, punitive damages, and respondeat superior.

**II. Standard of Review**

Rule 42 of the Federal Rules of Civil Procedure provides that a separate trial is proper: "...[i]n furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42 (b). The court "may order a separate trial of any claim, cross-claim, counterclaims, or third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." Id.

"The principal purpose of [Rule 42] is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." Hoffman v. Merrell Dow Pharmaceuticals (In re Bendectin Litig.), 857 F.2d 290, 307 (6th Cir. 1988). It is within the sound discretion of the trial court whether to try issues separately. Id. However, there are no set guidelines delineating when ordering a separate trial is proper. Id. Generally, courts have adopted a case-by-case method depending on the facts in the individual case. Id. "In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid, prejudice, and minimize expense and delay, the major consideration is directed toward the choice most

2

likely to result in a just final disposition of the litigation." Id. at 307-08 (quoting In re Innotron Diagnostics, 800 F.2d 1077, 1084 (Fed. Cir. 1986)).

### III. State Farm's Motion to Bifurcate

State Farm has moved the court for an order bifurcating the trial of Hadi's claim for breach of duty of good faith and fair dealing from the rest of his tort and contract claims. State Farm contends that the breach of duty of good faith and fair dealing claim rests on allegations that State Farm acted in bad faith by refusing to pay Hadi's accident claim. State Farm argues that this bad faith claim should not be addressed until Hadi first proves his breach of contract and other tort claims. State Farm alleges that combining the bad faith claim with the rest of Hadi's claims will result in prejudice because State Farm should not be required to defend the bad faith claim unless Hadi prevails on his other claims.

Hadi responds that the intentional acts of State Farm that form the basis of his tort claims are so inextricably intertwined with the allegations of bad faith that they cannot be separated from each other. In his complaint, Hadi alleges that State Farm intentionally interfered with his employment relationship, intentionally misrepresented the status of his accident claim, defamed him to Freund LPA, and intentionally inflicted emotional distress on him. Hadi alleges that these claims are intertwined because they will involve the same discovery, the same testimony, and the same instructions to the jury. Furthermore, Hadi alleges that separating the claims will delay the case, confuse the jury, and prevent him from obtaining all of the evidence necessary to

3

prove his claims.

The court finds that State Farm has failed to demonstrate that it will be prejudiced if the bad faith claim is not bifurcated. This is not the typical situation in which a tort claim against a defendant who has liability insurance is joined with a bad faith claim alleging that the tortfeasor's insurer has unreasonably refused to settle the claim.  Here, Hadi has not asserted any claims against the person who caused the accident in which he was injured.  All of his claims are against the insurer and all of his claims arise out of the same events or series of events.  As Hadi argues, the factual allegations underlying his bad faith claim also form the basis for his claims of intentional interference with an employment relationship, misrepresentation, defamation, and intentional infliction of emotional distress. It would appear that much of the plaintiff's evidence would be relevant to all of these claims.  Under the circumstances, it is difficult to see how bifurcation would serve any useful purpose.  Hence, one trial will best serve the convenience of the parties and the court, avoid, prejudice, and minimize expense and delay.

**IV. Conclusion**

Accordingly, State Farm's April 30, 2007, motion to bifurcate (doc. 11, is denied.

                                      s/ James L. Graham
                                      JAMES L. GRAHAM
                                      United States District Judge

DATE: August 3, 2007