```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Vaseem S. Hadi,                 :

      Plaintiff,              :

      v.                      :       Case No. 2:07-cv-0060

State Farm Insurance Companies:       JUDGE GRAHAM
d/b/a State Farm Mutual
Automobile Insurance Co.,       :

      Defendant.              :

## ORDER

This is a state law case which was removed to this Court on the basis of diversity jurisdiction. Plaintiff, Vaseem Hadi, has asserted a number of claims against State Farm. Those claims arise both as a result of interactions between Mr. Hadi and State Farm concerning his own insurance policy and actions which State Farm took with respect to a claim which Mr. Hadi made against another of State Farm's insureds. It is sufficient for purposes of the instant motion to summarize his claims by saying that Mr. Hadi believes there was inappropriate contact between State Farm and his employer, a law firm which had provided representation to State Farm, ultimately setting into motion a chain of events which caused Mr. Hadi to lose his employment.

Mr. Hadi has now filed a motion to compel State Farm to produce certain information which he requested during discovery. The information includes the internal investigation file of a State Farm employee, Ute Kenmir, responses to certain interrogatories, and a "medpay" file for State Farm's other insured, Ms. Brooks, who, along with Mr. Hadi, was involved in the automobile accident which led to Mr. Hadi's initial claim

against State Farm.  Mr. Hadi also seeks production of any non-privileged communications between State Farm and his former employer, the law firm of Freund, Freeze & Arnold.  For the following reasons, the motion will be granted in part and denied in part.

I.

The most significant part of the motion to compel surrounds Ms. Kenmir's internal investigation file.  The background concerning this file, about which the parties appear to agree, is that on August 28, Mr. Tobias, an attorney representing Mr. Hadi, wrote a letter to State Farm detailing the facts underlying his claim.  The letter, directed to State Farm's president, asked that State Farm conduct an investigation into the claim and indicated that Mr. Hadi was willing to forego litigation if State Farm were willing to discuss a reasonable settlement of his claim.  For the most part, Mr. Hadi's claims did not relate to the way in which State Farm treated him as its insured, but the way in which it attempted to obtain an advantage for Ms. Brooks, the other driver in the accident, based upon a claim which Mr. Hadi had made for payments from Ms. Brooks' insurance policy.

After State Farm received the letter, and without any instruction from an attorney, Ms. Kenmir conducted an investigation.  She met with Gordon Arnold, one of the partners at Freund, Freeze & Arnold, and met with Carla Wilbourn, the adjustor with whom Mr. Hadi had dealt.  She then had a discussion with, among other people, an in-house attorney for State Farm, Byron Hansbro.  He asked Ms. Kenmir to prepare a memorandum concerning her investigation, and she did so.  It appears that the memorandum is the only document in her "investigation file." <u>See</u> State Farm's Supplemental Responses to Interrogatories 21 and 22.  State Farm has resisted producing this document on grounds that it is protected by the work product privilege.

In his motion to compel, Mr. Hadi asserts that because he has asserted a bad faith claim against State Farm, under applicable Ohio Supreme Court precedent, the work product doctrine does not prevent production of the file. See Boone v. Vanliner Ins. Co., 91 Ohio St. 3d 209 (2001); see also Unklesbay v. Fenwick, 167 Ohio App. 3d 408 (Montgomery Cty. 2006). However, even in diversity cases, the application of a work product doctrine is a matter of federal law because it is procedural rather than substantive. See In re Powerhouse Licensing, LLC, 441 F.3d 467 (6th Cir. 2006); Scotts Co., LLC v. Liberty Mut. Ins. Co., 2007 WL 1500899 (S.D. Ohio May 18, 2007)(King, M.J.). Consequently, the relevant question is not whether the memorandum in question is relevant to Mr. Hadi's good faith claim, but whether it constitutes work product.

The issue of whether documents prepared by an insurance company constitute work product is often litigated. Insurance companies routinely investigate claims and prepare documents concerning that investigation. When the investigation is simply part of the insurance company's ordinary obligation to examine and evaluate claims in order to make a business response, documents relating to the investigation are not privileged. On the other hand, if the investigation is undertaken in light of an "identifiable resolve to litigate," see Fine v. Bellefonte Underwriters Ins. Co., 91 F.R.D. 420, 422 (S.D. N.Y. 1981), the work product doctrine may apply. See also Tayler v. Travelers Ins. Co., 183 F.R.D. 67 (N.D.N.Y. 1998); Harper v. Auto-Owners Ins. Co., 138 F.R.D. 655 (S.D. Ind. 1991).

Here, State Farm appears to concede that, at least initially, Ms. Kenmir began an investigation of Mr. Hadi's claim as part of State Farm's ordinary business activity. However, after she had completed her investigation, she was asked by an attorney to prepare a memorandum explaining what she did. Thus,

although the investigation itself may not have been undertaken at the request of counsel, the preparation of the memorandum was done in response to such a request.  Further, at that point it appears clear that State Farm had both a subjective fear of litigation, based upon the fact that its in-house attorney became involved in the situation, and a reasonably objective fear of litigation, based upon the contents of Mr. Tobias' letter.  Although the letter expresses a desire to resolve the matter absent litigation, the fact that it came from an attorney representing Mr. Hadi and that it implicitly suggests that if resolution does not occur, litigation will ensue, would cause a reasonable party in State Farm's position to believe that litigation was more than a mere possibility.  Under these circumstances, the Court concludes that the memorandum itself is protected by the work product doctrine.  Of course, the details of the investigation are not, and State Farm has provided details of the investigation in its interrogatory responses.  State Farm also suggested that Ms. Kenmir's deposition be taken, and it would not appear that State Farm intends to object to questions concerning the results of her interviews with the various people involved.

    Mr. Hadi suggests in his memorandum that a deposition would be unavailing because State Farm has steadfastly refused to provide the details of the investigation in response to interrogatories.  Having reviewed the supplemental interrogatory responses, that does not appear to be the case.  State Farm was simply asked to describe the steps taken in the investigation and to describe any memoranda prepared.  It has done both.  The interrogatories did not call for a recitation of the information gleaned by Ms. Kenmir during her conversations with Mr. Arnold or Ms. Wilbourn.  Although Mr. Hadi also suggests that the memorandum will be a more accurate recitation of the details of

4

these investigations, and that he therefore has a substantial need for the memorandum which would overcome the work product doctrine, that cannot be determined until Ms. Kenmir is deposed. If she has little or no recollection of her activities, the memorandum may well be producible.  However, if she is able to testify fully and completely concerning what she did, the memorandum itself would not be subject to production. Consequently, the Court will not grant Mr. Hadi any relief with respect to this prong of his motion to compel.

II.

Mr. Hadi also requested State Farm to produce a listing of all of the bad faith claims asserted against it for the last five years.   State Farm has objected on grounds that this request is overbroad.

Clearly, although there is a broad standard of relevance applicable to discovery requests under the Federal Rules of Civil Procedure, see Fed.R.Civ.P. 26(b), the scope of discovery is not unlimited.  Evidence which is neither admissible in and of itself nor reasonably calculated to lead to the discovery of admissible evidence need not be disclosed during discovery.  Although Mr. Hadi's discovery request is clearly overbroad, it has a narrower scope which may properly be enforced.

It stands to reason that an insurance company as large as State Farm would be faced with a number of bad faith claims on an annual basis.  Presumably, those claims run the gamut of the types of insurance policies issued by State Farm.  It is difficult to envision the relevance of bad faith claims asserted against State Farm in dissimilar contexts to the unique type of claim asserted by Mr. Hadi.

On the other hand, it is conceivable that State Farm has been sued in the past for conduct similar to that which has occurred in this case.  If that is so, information about such

lawsuits might well lead to the discovery of admissible evidence, such as whether State Farm has adopted some type of policy relating to the situation where it represents both an alleged tortfeasor and victim in a negligence case, through separately-issued insurance policies, where it has a business relationship with the employer of one of the parties, and where (at least according to Mr. Hadi) it leveraged that relationship to its advantage in dealing with the claim.  Consequently, although State Farm will not be required to produce information concerning every bad faith suit against it within the last five years, it will be required to advise Mr. Hadi if it has been sued within that time frame for a claim which is substantially similar to Mr. Hadi's.

                              III.
     The next dispute between the parties relates to the "medpay" portion of the claims file involving Ms. Brooks, the alleged tortfeasor.  Mr. Hadi claims that the extent of her injuries and the amount paid by State Farm to compensate may shed light on the validity of his claim for injuries sustained in the same accident.  Although State Farm generally claims that the information is irrelevant, most of its argument is centered around the fact that medical information related to Ms. Brooks is protected by various federal and state privacy laws and should not be the subject of discovery.
     The Court agrees with Mr. Hadi that, to the extent that it will be a disputed issue in this case concerning the reasonableness of his claim for compensation for injuries sustained in the accident, it may be important for him to learn how severely Ms. Brooks was injured and the type of injuries she suffered.  The Court understands State Farm's reluctance to produce such information without the protection of a court order.  However, because the information is relevant, the Court will

direct that it be produced.  To protect Ms. Brooks' privacy interests, the Court will direct the parties to use the information solely for purposes of this litigation, not to disseminate it to third parties, and, if it is filed with the Court, to file it under seal.

IV.

Finally, Mr. Hadi asked the Court to compel State Farm to produce documents reflecting any non-privileged communications occurring between it and Freund, Freeze & Arnold which relate to Mr. Hadi's claims.  It appears from the interrogatory answers provided by State Farm and its response to document requests that it has no documents reflecting such communications.  If that is the case, there is nothing to compel.  Of course, there is no conceptual barrier to producing non-privileged communications.  The Court assumes that State Farm has provided a privilege log with respect to those communications between it and Freund, Freeze & Arnold which it claims to be privileged.  On the basis of that log, which presumably describes documents containing communications between those two entities, Mr. Hadi should be able to determine whether there are specific communications about which further discussion and motions practice might be appropriate.

V.

Based upon the foregoing, the motion to compel (#27) is granted in part and denied in part.  Within 30 days, State Farm shall produce information concerning other lawsuits against it in which plaintiffs have made bad faith claims similar to the one advanced by Mr. Hadi in this case.  The "medpay" file relating to Ms. Brooks shall also be produced subject to the protections described in this order.  Finally, to the extent that State Farm has not produced an appropriate privilege log relating to its relevant communications with Freund, Freeze & Arnold, it shall do

so.  In the course of preparing that log, if it determines that documents exist reflecting relevant and non-privileged communications between the two entities, those documents shall be produced.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge