```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Vaseem S. Hadi,                 :

     Plaintiff,              :

     v.                      :      Case No. 2:07-cv-0060

State Farm Insurance Companies:     JUDGE GRAHAM
d/b/a State Farm Mutual
Automobile Insurance Co.,       :

     Defendant.              :

OPINION AND ORDER

     This matter is before the Court once again on issues relating to plaintiff Vaseem Hadi's discovery requests.  These issues were originally addressed by the Court, at some length, in an Order filed on October 11, 2007, which denied in part and granted in part Mr. Hadi's motion to compel defendant State Farm to produce certain information.  As discussed in that Order, this information includes a memorandum prepared by State Farm employee, Ute Kenmir, in the course of her investigation of Mr. Hadi's claims, a "medpay" file for Judy Brooks, and a listing of all bad faith claims asserted against State Farm for the last five years.

     Briefly, in its Order of October 11, 2007, the Court found that Ms. Kenmir's memorandum was protected by the work product doctrine and declined to grant Mr. Hadi's motion to compel its production.  The Court noted, however, the possibility that Mr. Hadi could overcome the work product doctrine if, in the event Ms. Kenmir was deposed, she demonstrated little or no recollection of her activities.  Further, the Court concluded that Ms. Brooks' medpay file was relevant and directed State Farm

to produce the information under conditions designed to protect Ms. Brooks' privacy interests.  With respect to the listing of bad faith claims, the Court required State Farm to advise Mr. Hadi whether it had been sued within the last five years on a claim substantially similar to Mr. Hadi's.

Mr. Hadi filed objections with the District Judge relating to the portion of the Order declining to compel production of Ms. Kenmir's memorandum.  Mr. Hadi's objections were denied by Order filed November 26, 2007.

Mr. Hadi has now filed a motion for sanctions against both State Farm and its counsel alleging the spoliation of evidence and the failure to comply with the previous discovery order.  Mr. Hadi also has requested that State Farm be ordered to show cause for this alleged spoliation and failure to comply.  Specifically, Mr. Hadi asserts that State Farm failed to preserve, or perhaps actively destroyed, essential evidence from Ms. Kenmir's investigation file as well as Ms. Brooks' complete medpay file.  Further, Mr. Hadi contends that State Farm deliberately disregarded this Court's order to provide a list of substantially similar bad faith claims. For the following reasons, the Court does not find the conduct of State Farm or its counsel subject to sanction and, consequently, Mr. Hadi's motion will be denied.

I.

The primary focus of Mr. Hadi's motion for sanctions, as with all of his discovery related filings to date, is the contents of Ms. Kenmir's investigation file.  As previously noted by the Court, this "investigation file" appears to contain only the memorandum prepared by Ms. Kenmir which was granted work product protection.  The Court notes that, following the filing of the current motion and during the course of discovery proceedings which included the deposition of Ms. Kenmir and a State Farm claims adjuster, Carla Wilborn, State Farm has

provided Mr. Hadi with a copy of Ms. Kenmir's memorandum.

Despite State Farm's provision of this memorandum, Mr. Hadi continues to pursue sanctions based on his belief that additional documents aside from the memorandum comprised Ms. Kenmir's investigation file. Specifically, Mr. Hadi believes that the investigation file included the following:

(1) A copy of the claims file printed by Ms. Kenmir on September 1, 2006 for her "SM complaint file."

(2) An "SM complaint file" opened on September 1, 2006, by Ms. Kenmir.

(3) Notes of discussions with all witnesses interviewed during the investigation, including Attorney Gordon Arnold.

(4) A copy of a letter from Paul Tobias, Mr. Hadi's former attorney, which Ms. Kenmir received directly from James McGhee.

(5) A redacted copy of Mr. Hadi's Memorandum dated March 3, 2006, which Ms. Kenmir may have received from Mr. Arnold during her interview with him.

(6) A fax cover sheet, cover letter and/or fax confirmation showing Ms. Kenmir faxed the Tobias letter to the State Farm Home Office.

In his motion, Mr. Hadi cites to various log notes or interrogatory responses as evidence that this additional documentation exists. See Exhibits A, B, and C to Motion. In his reply brief, which was filed with the benefit of further discovery, Mr. Hadi cites the deposition testimony of both Ms. Kenmir and Ms. Wilborn which he interprets as evidence of the existence of documents beyond the disclosed memorandum.

State Farm, on the other hand, asserts, as it has consistently, that no formal "investigation file" ever existed. According to State Farm, the only documents that ever existed

were Ms. Kenmir's now-disclosed memorandum and the letter from Mr. Tobias, a copy of which Mr. Hadi has had in his possession for some time. In support of its position, State Farm relies on Ms. Kenmir's deposition testimony and an affidavit submitted by State Farm in-house counsel Byron Hansbro, to which copies of Ms. Kenmir's memorandum and the letter from attorney Tobias are attached as exhibits.

II.

Spoliation is the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for the destruction." In re Smartalk Teleservices, Inc. Securities Litigation, 487 F.Supp.2d 947 (S.D. Ohio 2007) citing Beck v. Haik, 377 F.3d 624, 641 (6th Cir. 2004). The destruction of evidence may include a party's failure to preserve evidence in pending or reasonably foreseeable litigation. Zubulake v. UBS Warburg LLC, 220 F.R.D. 212,216 (S.D.N.Y. 2003).

The rules that apply to alleged spoliation of evidence and the appropriate sanctions are defined by state law. Smartalk; see also Beck, Nationwide Mutual Fire Ins. Co. v. Ford Motor Co., 174 F.3d 801, 804 (6th Cir. 1999). In Ohio, spoliation of evidence is recognized as an independent tort cause of action. In order to establish a spoliation claim, a litigant must show that (1) there is a pending or probable litigation involving the plaintiff; (2) knowledge on the part of the defendant that the litigation exists or is probable; (3) willful destruction of the evidence by the defendant designed to disrupt the plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's actions. Gliatta v. Tectum, Inc., 211 F.Supp.2d 992, 1011 (S.D.Ohio 2002) citing Smith v. Howard Johnson Co., Inc., 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993). Although in this case Mr. Hadi is not pursuing an independent cause of action for spoliation of evidence, these elements

4

provide guidance to the Court in considering whether the imposition of sanctions against State Farm or its counsel is warranted. See Smartalk.

Here, the Court can find no evidence of State Farm's spoliation of any evidence either actively or as a result of the failure to preserve. Simply put, the record does not support Mr. Hadi's assertion that additional information beyond Ms. Kenmir's memorandum and the letter from attorney Tobias existed as part of any investigation file. The Court reaches this conclusion based on the deposition testimony of Ms. Kenmir and Ms. Wilborn as well as the affidavit with attached exhibits submitted by State Farm's in-house counsel, Byron Hansbro. According to Ms. Kenmir, whatever information she gathered was memorialized in her memorandum and whatever documentation she had was turned over to Mr. Hansbro. (Kenmir Depo. at 50-52). Further, according to Mr. Hansbro the only documentation he received from Ms. Kenmir was her memorandum and the copy of the letter from attorney Tobias which he has attached to his affidavit. (Hansbro Affidavit at ¶3). Although Ms. Kenmir also made handwritten notes on her copy of Mr. Tobias' letter, and the copy she gave to Mr. Hansbro was a "clean" copy, it appears that she discarded her notated copy. In any event, Mr. Hadi has also obtained a copy of the notated letter from another source.

There is no support for Mr. Hadi's contrary interpretation of this evidence. Even assuming the existence of some type of notes from which Ms. Kenmir drafted her memorandum, if Ms. Kenmir did not preserve these notes based on the fact that their content was set forth fully in her memorandum, there would be no spoliation. It reasonably can be inferred from Ms. Kenmir's deposition testimony that she believed the relevant information required to be documented was contained in her memorandum. The scope of the duty to preserve does not extend to every "shred of

5

paper." Zubulake. Rather, the duty to preserve of a litigant or a potential litigant extends to what it knows or reasonably should know would be relevant to the litigation. Zubulake; see also Kemper Mortgage v. Russell, 2006 WL 2319858 (S.D. Ohio 2006).

To the extent Mr. Hadi believes that a copy of the Tobias letter containing notes from Ms. Kenmir, which he obtained from his former employer, Freund, Freeze & Arnold, demonstrates State Farm's spoliation of evidence, the Court cannot agree. A spoliation claim requires the willful destruction of evidence. Gliatta. There is nothing in the testimony of Ms. Kenmir or Ms. Wilborn which indicates the willful destruction of the copy of the letter with Ms. Kenmir's notes. Ms. Kenmir testified that she may have turned it over to Mr. Hansbro or she may have discarded it as a scribble memo. (Kenmir depo. 51-52). Again, as discussed above, because she believed all relevant information was contained in her memorandum. The affidavit of Mr. Hansbro indicates that he did not receive a copy with the notes on it. (Hansbro Aff. ¶3). Mr. Hadi's implication that Ms. Kenmir provided State Farm's in-house counsel a copy of the letter with her notes on it which Mr. Hansbro then "lost" or destroyed is completely unsupported by the record in this case. Moreover, assuming such a copy of the letter was discoverable, Mr. Hadi has a copy of the letter with the notes which he has attached to his reply brief as Exhibit A and, therefore, would be hard-pressed to succeed in demonstrating a "disruption to his case" from its alleged destruction. See Gliatta. Similarly, Mr. Hadi's suggestion that he is unable to gather any additional information from the allegedly destroyed letter would seem to be inconsistent with the very evidence he filed with the Court.

In summary, the Court finds that State Farm has provided Mr. Hadi with all of the information which could be construed as Ms.

Kenmir's "investigation file." The Court is convinced that, in light of all of the evidence presented, the additional information sought by Mr. Hadi does not exist and that any notes or dictation made by Ms. Kenmir were incorporated into her typewritten memorandum. Mr. Hadi's assertion that this evidence is open to a contrary interpretation are unavailing. Consequently, the Court will not impose sanctions on State Farm for any alleged spoliation of evidence or for any failure to comply with an order of this Court.

### III.

With respect to the issue of Ms. Brooks' medpay file, Mr. Hadi contends that State Farm's recent representation that no such medpay file exists is evidence of its failure to locate or preserve relevant information. The issue relating to Ms. Brooks' medpay file arises from an interrogatory response made by State Farm indicating such a file existed. Subsequent to this Court's order on the motion to compel, State Farm advised Mr. Hadi, by letter to counsel dated October 29, 2007, that no medpay file existed for Ms. Brooks because she had never made a medpay claim under her State Farm policy. Mr. Hadi has provided a copy of that letter as Exhibit D to his motion for sanctions. A review of the letter and State Farm's response to the motion for sanctions indicates that State Farm's counsel acknowledges that the interrogatory answer was incorrect. Counsel has apologized for the error and resulting confusion. In reply, Mr. Hadi provides a letter from Ms. Brooks' counsel objecting to the release of any medical information relating to Ms. Brooks.

The information provided by Mr. Hadi does not support his claim that State Farm destroyed or failed to preserve Ms. Brooks' medpay file. In fact, Mr. Hadi has provided no evidence that there ever was a medpay file for Ms. Brooks. The letter from Ms. Brooks counsel cannot reasonably be construed as confirming the

existence of the medpay file.  It simply objects to any disclosure of Ms. Brooks' medical information.  In essence, the most Mr. Hadi offers in support of his claim regarding Ms. Brooks' medpay file is his criticism of State Farm's five-month delay in correcting its error.  While the Court understands Mr. Hadi's frustration with the confusion and delay, it does not find the conduct of State Farm or its counsel as it relates to Ms. Brooks' medpay file so egregious as to warrant sanctions.  Consequently, Mr. Hadi's motion will be denied as to this issue.

IV.

With respect to the listing of bad faith claims, Mr. Hadi asserts that he was able to locate four cases involving State Farm with facts and allegations "apparently" similar to his despite State Farm's claim that none existed.  State Farm has responded that the cases submitted by Mr. Hadi do not involve claims substantially similar to his as required by this Court's previous order.

The Court's parameters for the disclosure of bad faith lawsuits included those that might lead to the discovery of admissible evidence "such as whether State Farm has adopted some type of policy relating to the situation where it represents both an alleged tortfeasor and victim in a negligence case, through separately-issued insurance policies, where it has a business relationship with the employer of one of the parties, and where (at least according to Mr. Hadi) it leveraged that relationship to its advantage in dealing with the claim." Order of October 11, 2007 at p. 6.  The Court directed State Farm to produce information concerning every bad faith suit against it within the last five years involving a claim <u>substantially</u> similar to Mr. Hadi's in light of the above parameters.

The cases provided by Mr. Hadi include <u>Coats v. Ruiz</u>, 198 S.W.3d 863 (Tex. App. 2006), <u>Fuller v. State Farm County Mut.</u>

Ins., 156 S.W.3d 658 (Tex. App. 2005), Miller v. State Farm Mut Auto. Ins. Co., 923 So.2d 886 (La. App. 2006) and Reed v. State Farm Mut. Auto. Inc. Co., 857 So.2d 1012 (La. 2003).  Mr. Hadi also mentions in a footnote of his reply the case of Walls v. State Farm Mut. Auto. Ins. Co., __ So.2d __, 2007 WL 2966824 (Ala. 2007) currently on remand from the Supreme Court of Alabama.

Having reviewed the cases provided by Mr. Hadi, the Court concludes that none of the cases meet the parameters set forth by this Court for State Farm's disclosure.  While the cases can be read as perhaps meeting some of the criteria - for example, multiple State Farm insureds - none of the cases cited by Mr. Hadi addresses the issue of a situation where State Farm has a business relationship with the employer of one of the parties which it has allegedly leveraged to its advantage.  The Walls case does involve the issue of intentional interference with a business relationship, but the business relationship in that case was between a law firm and its client, the State Farm insured, and not between the State Farm insured and his employer.  Based on State Farm's representations that it is unaware of any cases involving claims substantially similar to Mr. Hadi's and noting that the cases Mr. Hadi has brought to the Court's attention do not demonstrate otherwise, the Court will not sanction State Farm for its non-disclosure of any bad faith claims.

V.

Based upon the foregoing, the combined motion for sanctions and to order State Farm to show cause (#46) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Tulr 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or

9

part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge